UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TYLER BOYD, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 1:24-cv-00109-SEP |
| ) | |
| CAPE GIRARDEAU COUNTY, MISSOURI, et al.,) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Before the Court is a Motion to Dismiss Count VII filed by Defendants Rivas and Williams, Doc. [16]. Plaintiffs oppose the motion. Doc. [30]. The motion is fully briefed and ready for disposition. For the reasons set forth below, the motion will be granted and, because this Court lacks subject matter jurisdiction absent Count VII, this matter will be dismissed.

### BACKGROUND[1]

Tyler Boyd and Emily Treat ("Plaintiffs") entered into a lease with Greg and Girada Vines ("property owners") on July 16, 2017, for a home located at 9400 State Highway 177, Cape Girardeau, Missouri ("rental property"). Doc. [1] ¶ 22. On June 22, 2023, an attorney for the property owners, John Loesel, filed a Petition for Eviction with the Circuit Court of Cape Girardeau County. *Id.* ¶ 23. On or about July 24, 2023, Attorney Loesel and Plaintiffs' attorney negotiated a "final agreement" that if the Plaintiffs moved out of the residence by August 1, 2023, and paid a certain sum for rent and costs, the property owners would dismiss the Petition for Eviction. *Id.* ¶ 25. Plaintiffs signed a Consent Judgment, which Attorney Loesel agreed not to file if the Plaintiffs moved out and paid the rent and costs. *Id.* On August 4, 2023, Attorney Loesel filed the Consent Judgment and a proposed Writ of Execution. *Id.* ¶ 30; *Vines v. Boyd*, No. 23CG-AC00843 (Cir. Ct. of Cape Girardeau Cnty).

On August 5, 2023, Cape Girardeau County Sheriff's Deputies Rivas and Williams arrived at the rental property and told Plaintiff Emily Treat to exit the rental property. *Id.* ¶ 34. Williams told Treat she had three minutes to gather her belongings and leave the premises. *Id.* Shortly thereafter, Rivas and Williams escorted Treat out of the rental property, and she was not

---

[1] For purposes of this motion, the Court takes the factual allegations in the Complaint, Doc. [1], to be true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).

allowed to return. *Id.* Defendants[2] then entered the rental property, gathered Plaintiffs' personal property, and burned some items in the front yard. *Id.* ¶ 35. Other items were thrown haphazardly into a U-Haul, resulting in destruction of the property, and the U-Haul and Plaintiffs' automobile were towed. *Id.* ¶¶ 40-42.

On August 7, 2023, the state court judge signed the Consent Judgment, and on August 9, 2023, the Judgment and Execution for Possession of Premises were docketed by the court clerk. *Id.* ¶ 44. The Consent Judgment ordered the rental property restored to property owner Greg Vines as of August 1, 2023. *See Vines v. Boyd*, No. 23CG-AC00843 (Cir. Ct. of Cape Girardeau Cnty).[3] The Writ allowed for the Sheriff of Cape Girardeau County to give possession of the real estate to the property owner within five days after receiving the Writ. Doc. [1] ¶ 44.

Plaintiffs filed their Complaint in this Court against Defendants Rivas and Williams, the property owners, other individuals, and Cape Girardeau County, alleging state law claims of wrongful eviction, conversion, trespass on realty, intentional infliction of emotional distress, negligent infliction of emotional distress, and assault. Doc. [1]. Plaintiffs also allege violations of their due process rights under the Fourteenth Amendment of the United States Constitution and Article I, Section 10 of the Missouri Constitution. *Id.* at 16 ¶¶ 84-88. The due process claim, Count VII, is brought against only Defendants Rivas and Williams. *Id.*

Defendants Rivas and Williams move for dismissal of Count VII for failure to state a claim. They argue that Plaintiffs have not successfully stated a due process claim because, prior to eviction, Plaintiffs were given due notice and an opportunity to be heard; they were represented by counsel; and they had time to remove their property. Doc. [17]. Defendants also point out that Plaintiffs relinquished any interest in the rental property as of August 1, 2023, by signing the Consent Judgment. *Id.*

Plaintiffs counter that they have sufficiently alleged a due process violation by alleging that Defendants Rivas and Williams facilitated the eviction of Plaintiffs from their rental property before the Consent Judgment and Execution for Possession of Premises were signed by the state court judge and docketed. Doc. [30].

---

[2] The remaining individual defendants were outside and became involved at that point. *Id.* ¶¶ 34-40.

[3] The Court takes judicial notice of the Missouri state court proceedings and judgment. "[F]ederal courts may . . . take judicial notice of proceedings in other courts if they relate directly to the matters at issue." *United States v. Evans*, 690 F.3d 940, 943 (8th Cir. 2012) (quoted case omitted); *see also Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (district court may take judicial notice of Missouri public court records).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief may be granted. When considering a Rule 12(b)(6) motion, a court assumes a plaintiff's well-pled factual allegations to be true and makes all reasonable inferences in the plaintiff's favor. *Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019). But a Court "need not accept as true a plaintiff's conclusory allegations or legal conclusions drawn from the facts." *Id.* To survive a motion to dismiss, a complaint must allege sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

## DISCUSSION

Both the Constitution of the United States and the Missouri Constitution protect citizens against deprivations of liberty and property interests without due process of law. U.S. Const. amend. XIV; Mo. Const. Art. 1, Section 10; *Allen v. City of Kinloch*, 763 F.2d 335, 336 (8th Cir. 1985). But "the range of interests protected by procedural due process is not infinite." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569–70 (1972). "A protected property interest exists where a plaintiff has a legitimate claim of entitlement" arising from an independent source, such as state law. *Schueller v. Goddard*, 631 F.3d 460, 462 (8th Cir. 2011) (quoted case omitted).

Under both the United States Constitution and the Missouri Constitution, due process requires notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Allen*, 763 F.2d at 336; *Jamison v. State, Dept. of Soc. Servs., Div. of Family Servs.*, 218 S.W.3d 399, 405 (Mo. 2007). "Due process does not require notice that some particular step must be taken or that certain procedure be followed; the opportunity afforded is to make a choice of whether to appear or default, acquiesce or contest." *Stough v. Bregg*, 506 S.W.3d 400, 404 (Mo. Ct. App. 2016) (cleaned up).

Here, Plaintiffs' claim fails because they received due process in the state court proceedings, they no longer had a protected property interest in the rental property, and they

have a post-deprivation remedy available to them.  Prior to the eviction, Plaintiffs were given notice and an opportunity to be heard; they were represented by counsel; they consented to the relinquishment of the rental property as of August 1, 2023; and they had time to vacate the premises.  They have not alleged any deficiency in the due process accorded by the state court proceedings.  "Absent a due process challenge to the state procedures themselves, [Plaintiffs have] failed to state a procedural due process claim."  *Reese v. Kennedy*, 865 F.2d 186, 187 (8th Cir. 1989) (holding the plaintiff failed to state procedural due process claim where state officials failed to follow existing eviction procedures, absent due process challenge to state eviction procedures).

Additionally, Plaintiffs no longer had a protected interest in the rental property after August 1, 2023.  Plaintiffs admit that they reached a final agreement with the property owners and signed a Consent Judgment on July 24, 2023.  Doc. [1] ¶¶ 22-25.  In the Consent Judgment, Plaintiffs relinquished any right to the rental property as of August 1, 2023.  *Id.* ¶ 25; *Vines*, No. 23CG-AC00843.  The Consent Judgment was filed on August 4, 2023.  Doc. [1] ¶ 30.  When signed by the court, the Judgment ordered possession of the rental property restored to the property owners as of August 1, 2023.  *Vines*, No. 23CG-AC00843.

Further, Plaintiffs' allegations pertain to unauthorized conduct by employees of the Sheriff's Department, "in which postdeprivation tort remedies are all the process that is due, simply because they are the only remedies the State could be expected to provide."  *Zinermon v. Burch*, 494 U.S. 113, 128 (1990).  "When a deprivation of property is caused by a random and unauthorized act of a state employee, it is not only impracticable, but impossible, to provide a meaningful hearing before the deprivation."  *Reese*, 865 F.2d at 187 (cleaned up); *Metro Publ'g Grp., Inc. v. Murphy*, 2016 WL 629791, at *2 (E.D. Mo. Feb. 17, 2016) (holding that plaintiffs failed to state a due process claim based on the sheriff's deviation from the city's official eviction policies).  "The state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct."  *Zinermon*, 494 U.S. at 130 (quoting *Hudson v. Palmer* 468 U.S. 517, 533 (1984)).

Plaintiffs may pursue redress for removal from their rental property through a wrongful eviction claim under Mo. Rev. Stat. § 441.233.  Plaintiffs do not allege that the remedy afforded by § 441.233 is inadequate.  Therefore, they do not state a due process claim based on their removal from their rental property.  *See, e.g.*, *ERA Venture Cap., Inc. v. Lokke*, 2019 WL

4

1102722, at *4 (D. Minn. Mar. 8, 2019) (holding that the state law forcible eviction statute provided adequate post-deprivation remedy where police officers failed to follow existing eviction procedures).

The unauthorized destruction of personal property by a state employee also does not violate due process if a meaningful post-deprivation remedy is available. *Tymiak v. Omodt*, 676 F.2d 306, 308 (8th Cir. 1982) (citations omitted); *see also Hudson,* 468 U.S. at 533. And again, Missouri law provides an adequate post-deprivation remedy. *See Orebaugh v. Caspari*, 910 F.2d 526, 527 (8th Cir. 1990); *Taylor v. Koneman*, 2021 WL 3521360, at *5 (W.D. Mo. July 20, 2021) ("Under Missouri law, conversion is the unauthorized assumption of the right of ownership over the personal property of another to the exclusion of the owner's rights.") (citation omitted). Therefore, Plaintiffs have failed to state a due process claim based on deprivation of their personal property.

In their response to the motion, Plaintiffs cite *Caulder v. Durham Hous. Auth.*, a decision from the Fourth Circuit pertaining to due process protections to be afforded to tenants in publicly subsidized low-rent housing with regard to eviction. 433 F.2d 998, 1002 (4th Cir. 1970) ("[S]tate-created, federally-funded, locally-administered housing authorities are constrained to conduct their operations within the limits of the due process clause of the fourteenth amendment."). *Caulder* is inapposite, and Plaintiffs' opposition to the motion to dismiss otherwise focuses on whether Rivas and Williams violated Missouri state law.

Because Plaintiffs fail to state a due process claim, Count VII will be dismissed.[4] Without Count VII, Plaintiffs no longer assert any claim arising under federal law, which is the basis for this Court's subject matter jurisdiction. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims. *See* 28 U.S.C. § 1367(c)(3); *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 32, 145 S. Ct. 41, 50 (2025) (If a district court "has dismissed all claims over which it has original jurisdiction, . . . the court may (and indeed, ordinarily should) kick the case to state court."). This matter will be dismissed without prejudice.

---

[4] Plaintiffs request leave to amend the Complaint if the Court determines they have failed to state a due process claim, Doc. [30] at 4, but that request does not comply with Eastern District of Missouri Local Rule 4.07 and is therefore denied.

5

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Count VII filed by Defendants Rivas and Williams, Doc. [16], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' request for leave to amend is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** without prejudice. The Clerk of Court is **DIRECTED** to close this case.

A separate Order of Dismissal will be entered on this same date.

Dated this 18th day of March, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE